[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13219
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60088-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUELYORY A. RIGAL,
agent of "Kelly"

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 15, 2020)

Before WILSON, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Quelyory Rigal appeals her 156-month sentence for conspiracy to commit

mail and wire fraud, three counts of wire fraud, and mail fraud.  Rigal argues that

the district court imposed a substantively unreasonable sentence and abused its discretion because it created an unwarranted sentencing disparity between her sentence and the sentences of her codefendants, including Juan Sanchez, the undisputed leader of the conspiracy, and because the court did not properly consider her post-offense rehabilitation efforts.  For the following reasons, we affirm.

We review the reasonableness of a sentence under an abuse-of-discretion standard.  *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  The party challenging the sentence bears the burden to show that the sentence is unreasonable considering the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  "A sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors."  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

Rigal focuses on § 3553(a)(6), which provides that, in sentencing, the court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  "However, we have stated that disparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal."  *United*

*States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015) (alteration adopted) (internal quotation mark omitted).

When considering a claim of disparity, we first consider "whether the defendant is similarity situated to the defendants to whom he compares himself." *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015).  For example, "for purposes of § 3553(a)(6), a defendant who cooperates with the Government and pleads guilty is not 'similarly situated' to his co-defendant who proceeds to trial.  Thus, there is no unwarranted disparity even when a cooperating defendant receives a 'substantially shorter' sentence than a defendant who goes to trial." *Cavallo*, 790 F.3d at 1237 (internal citation omitted).

In addition, we do not apply a presumption of reasonableness to sentences within the guideline range.  *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).  But we ordinarily expect such a sentence to be reasonable.  *Id.*

Here, the district court did not abuse its discretion; it reasonably considered the proper § 3553(a) factors and imposed a substantively reasonable sentence.  To start, the district court justifiably concluded that Rigal was not similarly situated to any of her codefendants.  In reference to Sanchez and his 114-month sentence, the district court appropriately found that Rigal's situation differed from Sanchez's because Sanchez accepted responsibility, pled guilty, and provided substantial assistance to the government in a separate case while Rigal proceeded to trial.  *See*

3

*Duperval*, 777 F.3d at 1338; *Cavallo*, 790 F.3d at 1237.  And the district court was aware of Sanchez's uncharged conduct and explicitly stated that it could consider that conduct.  We do not see an unwarranted disparity or any clear error of judgment in the district court's consideration of Sanchez as a potential comparator.  Further, we see nothing wrong with the district court's conclusion that Rigal was not similarly situated to her other codefendants because they had less criminal responsibility than Rigal.  As for Rigal's post-sentence rehabilitation, the district court explicitly considered it and gave her credit for it.  Also, the court considered Rigal's recidivism study, and nothing about the court's weighing strikes us as improper.  Finally, Rigal's 156-month sentence falls within the guideline range of 135 to 168 months, which indicates the reasonableness of the sentence.  *See Stanley*, 739 F.3d at 656.

In conclusion, Rigal did not carry her burden to show that her sentence was substantively unreasonable.  Accordingly, we affirm.

**AFFIRMED.**